UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OAKMONT PROPERTIES-THE LANDING LLC,<br><br>Plaintiff,<br><br>v.<br><br>CREOLA CUNNINGHAM, and Does 1 to 10, Inclusive,<br><br>Defendants. | No. 2:17-cv-02705-KJM-CKD<br><br>ORDER |

On December 28, 2017, defendant Creola Cunningham, proceeding pro se, removed this unlawful detainer action from Sacramento County Superior Court. ECF No. 1. Cunningham also filed a motion to proceed in forma pauperis. ECF No. 2. As explained below, the court REMANDS the case to the Sacramento County Superior Court and DENIES as moot defendant's motion to proceed in forma pauperis.

I. SUBJECT MATTER JURISDICTION

A. Legal Standard

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, a defendant may remove it to federal court. 28 U.S.C. § 1441(a). There are two primary bases for federal subject matter jurisdiction: (1) federal

1

1 | question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C.
§ 1332.

Under § 1331, district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the longstanding well-pleaded complaint rule, a suit "arises under" federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Federal question jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

Under § 1332, district courts have diversity-of-citizenship jurisdiction where the amount in controversy exceeds $75,000 and the parties are in complete diversity. 28 U.S.C. § 1332. "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam).

A federal district court may remand a case sua sponte where a defendant has not established federal jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded . . . ."); *Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)).

B. Discussion

Cunningham's Notice of Removal asserts the court has federal question jurisdiction under § 1331 because "[t]he complaint presents federal questions." ECF No. 1 at 2. More specifically, Cunningham contends "[f]ederal question exists because [d]efendant's [d]emurrer, a pleading depend [sic] on the determination of [d]efendant's rights and [p]laintiff's duties under federal law." *Id*. Yet the complaint plaintiff filed in state court asserts only a claim for unlawful detainer, which is a matter of state law. *See id.* at 6.

As explained above, Cunningham's demurrer cannot serve as the basis for federal question jurisdiction. *Vaden*, 556 U.S. at 60. Plaintiff is the master of the complaint and may, as here, "avoid federal jurisdiction by pleading solely state-law claims." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005). Because plaintiff's complaint does not show that it is based on federal law, the court does not have federal question jurisdiction over the action.

Neither does the court appear to have diversity jurisdiction. Plaintiff's complaint seeks possession of the premises, costs and reasonable attorney fees, past-due rent of $839.18, forfeiture of the agreement and damages of $56.31 per day for each day from December 1, 2017 until the date of judgment. ECF No. 1 at 8. Moreover, the complaint indicates that the amount demanded "does not exceed $15,000." *Id*. at 6. Because these damages are not likely to total more than $75,000, and Cunningham has provided no other evidence or allegations as to the amount in controversy, the court cannot exercise diversity jurisdiction over the action.

## II.   REQUEST TO PROCEED IN FORMA PAUPERIS

For the foregoing reasons, the court has determined sua sponte that it lacks subject matter jurisdiction, and thus remands the case to the Sacramento County Superior Court. *Cf. Matheson*, 319 F.3d at 1090 ("Where doubt regarding the right to removal exists, a case should be remanded to state court."). As a result, defendant's motion for in forma pauperis status is moot.

## III.   CONCLUSION

For the foregoing reasons, this action is REMANDED to Sacramento County Superior Court, and defendant's motion to proceed in forma pauperis is DENIED as moot.

IT IS SO ORDERED.

DATED: January 17, 2018.

_____
UNITED STATES DISTRICT JUDGE